USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/9/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
JIM BEAM BRANDS CO.,                              :     10 Civ. 1710 (SHS)
                                                  :
                                                  :     ORDER
                                                  :
                              Plaintiff,          :
                                                  :
         -against-                                :
                                                  :
                                                  :
TEQUILA CUERVO LA ROJENA S.A. de C.V.,            :
                                                  :
                              Defendant.          :
                                                  :
------------------------------------------------------------------x

SIDNEY H. STEIN, U.S.D.J.

    On March 3, 2010, the New York state action between plaintiff Jim Beam Brands Co. and Tequila Cuervo La Rojena S.A. de C.V. was removed to this Court pursuant to 28 U.S.C. 1441 *et. seq*. Two days later, Jim Beam moved to remand that action back to state court on the grounds that Cuervo's notice of removal was untimely since it was not filed within thirty days of a pleading asserting a federal claim.

    "When a party challenges the removal of an action from state court, the burden falls on the removing party 'to establish its right to a federal forum by competent proof.'" *Quick v. Shell Oil Co.* 399 F. Supp. 2d 356, 362 (S.D.N.Y. 2005) (quoting *R.G. Barry Corp. v. Mushroom Makers, Inc.*, 612 F.2d 651, 655 (2d Cir. 1979)). In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability. *Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1046 (2d Cir. 1991). If the removing party cannot establish its right to removal by competent proof, the removal is improper, and the district court must remand the case to the court in which it was filed. *Quick v. Shell Oil,* 399 F. Supp. 2d at 362.

1

A defendant may remove a civil action filed in state court to federal court if the claims arise under federal law. 28 U.S.C. § 1441(a). A case arises under federal law when federal law provides for the cause of action, or where the state-law claim necessarily raises a stated federal issue that is substantial and disputed, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities. *Quick v. Shell Oil,* 399 F. Supp. 2d at 362 (citations and quotation marks omitted). In determining if this federal claim exists, courts will examine the "well-pleaded" allegations of the complaint and "ignore potential defenses." *Id.* (quoting *Beneficial Nat'l Bank v. Anderson,* 539 U.S. 1, 6, (2003). The presence of a federal defense does not raise a federal question, "even if the defense is anticipated in the plaintiff's complaint, and even if . . . the federal defense is the only question truly at issue. *Quick v. Shell Oil,* 399 F. Supp. 2d at 362. (quoting *Marcus v. AT&T Corp.*, 138 F.3d 46, 53 (2d Cir. 1998)).

In addition to demonstrating the presence of federal jurisdiction, a defendant must comply with the removal procedures set forth in 28 U.S.C. § 1446. Specifically, § 1446(b) requires a defendant to file a notice of removal thirty days after receiving the initial pleading. *Quick v. Shell Oil,* 399 F. Supp. 2d at 364. However, section 1446(b) also states:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or *other paper* from which it may first be *ascertained* that the case is one which is or has become removable . . . .

28 U.S.C. § 1446(b) (emphasis added).

In order to satisfy section 1446(b), a defendant must show (1) that the original complaint was not removable on its face at the time it was filed and (2) that another paper changed the status of the case, making it clear that the complaint was removable. *Quick v. Shell Oil,* 399 F. Supp. 2d at 364. The amended pleading, motion, order or other paper must emanate from either the voluntary act of the plaintiff in the state court, or other acts or events not the product of the removing defendant's activity. *Id.* at 365.

2

Here, Cuervo does not allege that it has received any pleading or other paper from Jim Beam, as required under section 1446(b), within the thirty days of its filing for removal from state court. Cuervo's basis for removal is that Jim Beam failed to respond to a letter that Cuervo sent on February 1, 2010. Cuervo, not Jim Beam, sent the letter. Accordingly, no event has occurred which would reset the removal clock because the act was not the voluntary act of the plaintiff, but was instead the defendant's activity. *Quick v. Shell Oil,* 399 F. Supp. 2d at 365.[1]

Accordingly, because Cuervo has not met the time requirements in 18 U.S.C. § 1446(b), it is hereby ORDERED that Jim Beam's motion to remand this action to New York Supreme Court, New York County [Dkt. # 4] is granted.

Dated: New York, New York
April 8, 2010

SO ORDERED:

/s/ Sidney H. Stein

Sidney H. Stein, U.S.D.J.

---

[1] Even assuming as Tequila Cuervo argues, that a claim for federal trademark infringement can "be ascertained" from Jim Beam's expert's report on damages in the state action, the time for removal has still expired. Jim Beam served Cuervo with its damages report on October 16, 2009. Given that time frame, Cuervo still did not seek to remove the state action within thirty days of October 16, 2009. Because the time limit for removal begins to run once the defendant receives sufficient information to "intelligently ascertain the basis for removal," even if defendant is correct that the damages report revealed an implicit federal claim, the time for removal has still expired. *Whitaker v. American Telecasting, Inc.,* 261 F.3d 196, 198 (2d Cir. 2001).